UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Maria Van Thuy Thi Doan,

        Petitioner,

v.

                        **MEMORANDUM OPINION AND ORDER**
                        Civ. No. 06-692 ADM/AJB

Alberto R. Gonzales,

        Respondent.

_____

Russell A. Norum, Esq., Minneapolis, MN, argued on behalf of Petitioner.

Lonnie F. Bryan, Esq., Assistant United States Attorney, Minneapolis, MN, argued on behalf of Respondent.

_____

## I. INTRODUCTION

Before the Court is Petitioner Maria Van Thuy Thi Doan's ("Doan") Motion for Summary Judgment [Docket No. 15]. Doan asks the Court to direct Citizenship and Immigration Services ("CIS") to grant her I-130 Petition for Alien Relative filed on behalf of her adopted son Luyen Van Nguyen ("Nguyen"). For the reasons set forth herein, Doan's Motion is denied.

## II. BACKGROUND

On March 29, 2004, Doan, a naturalized United States citizen, filed an I-130 Petition for Alien Relative with CIS on behalf of her adopted son Nguyen. Admin. Rec. at 1-2. Doan sought to establish Nguyen as her relative to enable Nguyen's ability to obtain a visa to immigrate to the United States. Nguyen, age thirty-nine, resides in Vietnam. Id. In support of her I-130 Petition, Doan submitted an affidavit of her agreement to take Nguyen as her adopted son. Id. at 14. The affidavit was signed by Doan and the Village Chief on December 30, 1967. Id. Doan also submitted an affidavit signed by Pham Thi Ngot ("Ngot"), Nguyen's biological mother,

evidencing Ngot's agreement to give Nguyen to Doan for adoption "[b]ecause of my situation very poor, weak and sickness, I can not afford to raise and educate my son." Id. at 16.  Ngot's affidavit was also signed on December 30, 1967, by the Village Chief. Id.  Doan also submitted a State of Minnesota divorce decree. Id. at 18.  The 1991 divorce decree states that Doan and Thien Van Nguyen were married in 1966, separated in 1975, and divorced in 1991. Id. at 18a-c.  The divorce decree also makes a finding of fact that Doan gave birth to one child in 1970, and that "no other minor children were born or adopted during the marriage, or conceived and not yet born." Id. at 18a.

On July 27, 2004, CIS sent Doan a Request for Evidence letter ("RFE") because the documentation previously submitted by Doan was not sufficient to warrant favorable consideration of her I-130 Petition. Id. at 19.  The RFE set forth various types of acceptable evidence that could be submitted to establish Doan's adoption of Nguyen. Id. at 20.  On October 6, 2004, Doan responded to the RFE by letter. Id. at 21.  Doan asserted that she and Ngot only signed papers before their Village Chief "because living in rural area we did not know about the adoption process." Id.  Doan also asserted that several of her relatives were "witnesses" and had knowledge that she raised Nguyen. Id.  Doan stated that she raised Nguyen from December 30, 1967 to August 1972. Id.  When Nguyen reached school age, Doan sent him back to live with his family but kept sending money to help. Id.  Doan again submitted the adoption affidavits in support of her I-130 Petition along with letters from family members supporting the claim that Doan raised Nguyen. Id. at 22-41.

On November 29, 2004, the Acting Director of CIS denied Doan's I-130 Petition. Id. at 42-43.  The Acting Director determined that the affidavits submitted by Doan did not prove that

Doan had legal custody of Nguyen or that Doan legally adopted Nguyen.  The Acting Director also determined that the evidence submitted did not establish that Nguyen had been in the legal custody of Doan for at least two years as of the date the I-130 Petition was filed.  Id.  On December 27, 2007, Doan appealed the Acting Director's denial to the Board of Immigration Appeals ("BIA"), arguing that the Acting Director failed to take into account the authenticity of the Village Chief's authority approving the adoption under laws existing at the time of the adoption.  Id. at 44.  In support of her appeal, Doan submitted an affidavit, averring that she fled Vietnam on April 30, 1975 to escape the Communists, leaving all of her relatives behind.  Id. at 64.  Doan states she has regularly sent money to her children and kept in contact with them.  Id.  Doan also averred that the Village Chief had the civil authority to conduct the affairs of the village, and that any other documents that would have supported the adoption of Nguyen were destroyed after the Communists took over.  Id. at 65.

On July 15, 2005, the BIA affirmed without opinion the Acting Director's denial of Doan's I-130 Petition.  Id. at 87.  Doan now appeals to this Court, asking that CIS be ordered to grant her I-130 Petition.

### III. DISCUSSION

**A.     Standard of Review and Relevant Statutes and Regulations**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party.  Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).  The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial."  Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

Judicial review of a CIS decision denying an I-130 petition is governed by the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06.  "The denial of a petition for preferential immigration classification is reviewed for a determination of whether the decision was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.'" Gipson v. INS, 284 F.3d 913, 916 (8th Cir. 2002), citing 5 U.S.C. § 706(2).  "The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency."  Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983).  "An agency decision is arbitrary and capricious if the agency fails to examine relevant evidence or articulate a satisfactory explanation for the decision."  Bangura v. Hansen, 434 F.3d 487, 502 (6th Cir. 2006), citing Motor Vehicle, 436 U.S. at 42-43.  While an agency must articulate a "rational connection between the facts found and the choice made," a court "will uphold a decision of less than ideal clarity if the agency's path may be reasonably discerned."  Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974).

As a United States citizen, Doan may file a petition seeking preferential visa status for her married son Nguyen.  See 8 U.S.C. §§ 1153(a)(3), 1154(a)(1)(A)(i); 8 C.F.R. § 204.2(d)(1).

Under the immigration laws, an adopted child is defined as a child adopted while under the age of sixteen years who has been in the legal custody of and resided with the adopting parent for at least two years. 8 U.S.C. § 1101(b)(1)(E)(i); 8 C.F.R. § 204.2(d)(2)(vii). Doan must provide evidence establishing her relationship with Nguyen. 8 C.F.R. § 204.2(d)(2). "A copy of the adoption decree, issued by the civil authorities, must accompany the petition." 8 C.F.R. § 204.2(d)(2)(vii).

> Legal custody means the assumption of responsibility for a minor by an adult under the laws of the state and under the order or approval of a court of law or other appropriate government entity. This provision requires that a legal process involving the courts or other recognized government entity take place. . . . An informal custodial or guardianship document, such as a sworn affidavit signed before a notary public, is insufficient for this purpose.

8 C.F.R. § 204.2(d)(2)(vii)(A).

> Evidence must also be submitted to show that the beneficiary resided with the petitioner for at least two years. Generally, such documentation must establish that the petitioner and the beneficiary resided together in a familial relationship. Evidence of parental control may include, but is not limited to, evidence that the adoptive parent owns or maintains the property where the child resides and provides financial support and day-to-day supervision. The evidence must clearly indicate the physical living arrangements of the adopted child, the adoptive parent(s), and the natural parent(s) for the period of time during which the adoptive parent claims to have met the residence requirement. When the adopted child continued to reside in the same household as a natural parent(s) during the period in which the adoptive parent petitioner seeks to establish his or her compliance with this requirement, the petitioner has the burden of establishing that he or she exercised primary parental control during that period of residence.

8 C.F.R. § 204.2(d)(2)(vii)(B).

**B.    Review of CIS's Denial of Doan's I-130 Petition**

As an initial matter, the government argues that the REAL ID Act deprives this Court of subject matter jurisdiction. See 8 U.S.C. § 1252(a)(2)(B)(ii). The government's argument is unpersuasive. There is nothing in the statutes or regulations at issue that specifies that the

Attorney General's decision to grant or deny Doan's I-130 Petition is discretionary.  See id.; 8 U.S.C. § 1154(b); 8 C.F.R. § 204.2(d)(1)-(3).  Accordingly, the REAL ID Act does not strip this Court of subject matter jurisdiction.[1]

Doan argues that at the time of Nguyen's adoption in 1967, the custom in the villages of Vietnam was the Village Chief would act as the official civil authority over matters of adoption.  Therefore, Doan argues her adoption affidavits signed by the Village Chief are sufficient legal proof of adoption approved by the civil authority.  Doan also argues that the affidavits she submitted are the only documents in existence that prove Doan adopted Nguyen.  Doan argues that the Acting Director did not take Vietnamese history into account when he found that the documents submitted were insufficient to prove that Doan adopted Nguyen.  Doan also argues that the Acting Director failed to address the affidavits submitted and failed to explain the basis for his decision.

CIS's decision to deny Doan's I-130 Petition was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.  Ideally, CIS should have set forth a more explicit explanation as to the denial of Doan's I-130 Petition, but the path to its decision is discernable nonetheless.  The immigration laws require Doan to provide a copy of the adoption decree issued by the civil authorities.  "Legal custody" requires a legal process involving the courts or other recognized government entity, and an informal custodial document such as a sworn affidavit signed before a notary public is insufficient.  Doan provided affidavits signed by herself, Nguyen's birth mother, and their Village Chief.  Doan argues that the Village Chief had

---

[1] The Court recently considered the REAL ID Act and its ability to deprive the Court of jurisdiction in another case.  For more in depth analysis, see Sabhari v. Frazier, Civ. No. 06-196 ADM/RLE, 2007 WL 295261, *7-11 (D. Minn. Jan. 30, 2007).

the legal authority to preside over her adoption of Nguyen and provides a brief history of the government of Vietnam in 1967, as taken from American research records.  Doan argues that any other records that would have supported her adoption claim have been destroyed.  Doan's affidavits and summation of Vietnam history are simply insufficient to establish that Doan had legal custody of Nguyen.  Doan provides no formal legal evidence of the Village Chief's authority to preside over adoptions.  Doan provides no formal legal documents evidencing her adoption of Nguyen.  Additionally, there is an inconsistency between the affidavits and the finding of fact in the divorce decree about whether Doan adopted a son.

     The immigration laws also require Doan to submit evidence to establish that Nguyen resided with her for at least two years.  Doan submits her sworn affidavit, as well as letters from family members, attesting that Nguyen lived with Doan for more than two years.  However, Doan submits no evidence in support of the residency requirement beyond her own averments, such as school records, health records, or census records.  Because CIS's denial of Doan's I-130 Petition was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, Doan's Motion for Summary Judgment is denied.

## IV. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Maria Van Thuy Thi Doan's Motion for Summary Judgment [Docket No. 15] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: August 23, 2007.